No. 96-1436

Mary S. McDonough and Matthew T.      *
McDonough,      *
    *
    Plaintiffs,      *
    *
Stephen Biras, Donna Biras,      *
Robert Boehmer, Mary Boehmer,      *
Jim Catlin, Ruth Catlin, Dan      *
Darnall, Sue Darnall, Larry      *
Doelling, and Lisa Doelling,      *
    *
    Appellants,      *
    *  Appeals from the United States
Ken Downey and Rhonda Downey,      *  District Court for the Eastern
    *  District of Missouri.
    Plaintiffs,      *
    *
Jayson Fisher, Beth Fisher,      *
Tim Glover, Sherry Glover,      *
Sandra J. Hearn, Christine      *
Henderson, William Henderson,      *
Dave Kovar, Jenifer Kovar,      *
David Kuhlmann, Laurie Kuhlmann,      *
Brad Lavoise, Susan Lavoise,      *
Joe Ritter, Christina Ritter,      *
Gary Schmittgens, Wendy      *
Schmittgens, Joseph Thibodeaux,      *
Sheryl Thibodeaux, Thomas      *
Venturella, Patricia Venturella,      *
Richard Verde, Barbara Verde,      *
John Vuch, Marie Vuch, Tom      *
Barnes, Karen Barnes, George      *
Doerr, Cathy Doerr, Robert      *
Drury, Patricia Drury, Jeffrey      *
Kilper, Sheila Kilper, Terry      *
Kuelker, Lori Kuelker, Thuan      *
Nguyen, Hoa Tan Nguyen, Phan      *
Quach Nguyen, Kimberly Smithee,      *
Dennis Smithee, Adam Schneider,      *
Robyn Schneider, Robert Thompson,      *
Julie Thompson, Hiep Nguyen,      *
Nhutuyet Nguyen, Troy Schaefer,      *
Mark Wulfmeier, Joyce Wulfmeier,      *

```
Robert Gallo, Janet Gallo, and          *
Raymond J. Marasso,                     *
                                        *
        Appellants,                     *
                                        *
    v.                                  *
                                        *
National Home Insurance Company,        *
a Corporation, a Risk Retention         *
Group; Builders Structural              *
Services, Inc., II, Doing               *
Business as Home Buyers Warranty        *
Company; Henry Cisneros,                *
Secretary of the Department of          *
Housing and Urban Development;          *
William J. Kaufmann; Fern M.            *
Kaufmann; Shangri-La Development        *
Company, a Missouri Corporation;        *
John A. Nurmi; Dennis A.                *
Bolazina; Mary Catalano; Voges          *
Company, Inc., a Missouri               *
Corporation; Caldwell Banker            *
Ira E. Berry, Inc., a Missouri          *
Corporation; William W. Kaufmann;       *
Meramec Sewer Co., a Missouri           *
Corporation; First Bank, a              *
Savings Bank, a Corporation,            *
Doing Business as the Sheahan           *
Financial Company; First Bank, a        *
Savings Bank, Doing Business as         *
First Bank Mortgage; Geo. C.            *
Doering, Inc., a Missouri               *
Corporation; Missouri Title             *
Guaranty Company, a Missouri            *
Corporation, Doing Business as          *
Missouri Title Company; LeMay           *
Bank & Trust Company, a Missouri        *
Corporation; and Fern M.                *
Kaufmann, Personal Representative       *
of the Estate of William J.             *
Kaufmann,                               *
                                        *
        Appellees.                      *
```

---

No. 96-1840

---

```
Mary S. McDonough, Matthew T.           *
```

McDonough, Stephen Biras, Donna          *
Biras, Robert Boehmer, Mary              *
Boehmer, Jim Catlin, Ruth Catlin,        *
Dan Darnall, Sue Darnall, Larry          *
Doelling, and Lisa Doelling,             *
                                         *
           Plaintiffs,          *
                                         *
Ken Downey and Rhonda Downey,            *
                                         *
           Appellants,         *
                                         *
Jayson Fisher, Beth Fisher, Tim          *
Glover, Sherry Glover, Sandra J.         *
Hearn, Christine Henderson,              *
William Henderson, Dave Kovar,           *
Jenifer Kovar, David Kuhlmann,           *
Laurie Kuhlmann, Brad Lavoise,           *
Susan Lavoise, Joe Ritter,               *
Christina Ritter, Gary                   *
Schmittgens, Wendy Schmittgens,          *
Joseph Thibodeaux, Sheryl                *
Thibodeaux, Thomas Venturella,           *
Patricia Venturella, Richard             *
Verde, Barbara Verde, John Vuch,         *
Maria Vuch, Tom Barnes, Karen            *
Barnes, George Doerr, Cathy              *
Doerr, Robert Drury, Patricia            *
Drury, Jeffrey Kilper, Sheila            *
Kilper, Terry Kuelker, Lori              *
Kuelker, Thuan Nguyen, Hoa Tan           *
Nguyen, Phan Quach Nguyen,               *
Kimberly Smithee, Dennis Smithee,        *
Adam Schneider, Robyn Schneider,         *
Robert Thompson, Julie Thompson,         *
Hiep Nguyen, Nhutuyet Nguyen,            *
Troy Schaefer, Mark Wulfmeier,           *
Joyce Wulfmeier, Robert Gallo,           *
Janet Gallo, and Raymond J.              *
Marasso,                                 *
                                         *
           Plaintiffs,          *
                                         *
      v.                           *
                                         *
National Home Insurance Company,         *
a Corporation, a Risk Retention          *
Group; Builders Structural               *
Services, Doing Business as              *
Home Buyers Warranty Company,            *
Inc., II; Henry Cisneros,                *

Secretary of the Department of          *
Housing and Urban Development;          *
William J. Kaufmann; Fern M.            *
Kaufmann; Shangri-La Development        *
Company, a Missouri Corporation;        *
and John A. Nurmi,                      *
                                        *
          Appellees,                    *
                                        *
Dennis A. Bolazina,                     *
                                        *
          Defendant,                    *
                                        *
Mary Catalano; Voges Company,           *
Inc., a Missouri Corporation;           *
Caldwell Banker Ira E. Berry,           *
Inc., a Missouri Corporation;           *
William W. Kaufmann; Meramec            *
Sewer Co., a Missouri                   *
Corporation; First Bank, a              *
Savings Bank, Doing Business as         *
the Sheahan Financial Company,          *
a Corporation; First Bank, a            *
Savings Bank, Doing Business as         *
First Bank Mortgage; Geo. C.            *
Doering, Inc., a Missouri               *
Corporation,                            *
                                        *
          Appellees,                    *
                                        *
Missouri Title Guaranty Company,        *
Doing Business as Missouri              *
Title Company, a Missouri               *
Corporation,                            *
                                        *
          Defendant,                    *
                                        *
LeMay Bank & Trust Company, a           *
Missouri Corporation; and Fern M.       *
Kaufmann, Personal Representative       *
of the Estate of William J.             *
Kaufmann,                               *
                                        *
          Appellees.                    *

———————

Submitted:  January 16, 1997

Filed: March 5, 1997

-4-

Before LOKEN, JOHN R. GIBSON, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

The plaintiffs, a group of home buyers who alleged that defendants had fraudulently sold them houses built upon a landfill, sued after the landfill's "active" soil shifted and damaged their houses. The district court[1] dismissed the complaint and the plaintiffs appealed. We affirm.

## I.

Because the plaintiffs' appeal follows the dismissal of their complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6), we assume, for the purposes of this appeal, that the factual allegations of their complaint are true. In the late 1980s and early 1990s, the defendants (a group of builders, real estate agents, inspectors, insurers, and lenders) developed a subdivision in Jefferson County, Missouri, and sold houses situated in it to first-time buyers. The defendants concealed from the buyers the fact that the houses were built upon an unstable landfill and failed to reveal that both the land and the houses were structurally defective. After the "active" soil in the landfill shifted and damaged the plaintiffs' houses, they filed a complaint seeking to hold the defendants responsible for the damage to their houses and property. They alleged violations of the Organized Crime Control Act of 1970, 18 U.S.C. §§ 1961-1968 (popularly known as "RICO"), and the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2312, and they advanced various state-law claims in addition. Soon thereafter, the district court entered an order under

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

Fed. R. Civ. P. 11(b) requiring the plaintiffs to file what it called a "RICO statement," that is, a detailed description of the pattern of racketeering in which the plaintiffs claimed that the defendants were engaged, and the plaintiffs complied.

The plaintiffs filed motions seeking leave to file a first amended complaint and later a revised first amended complaint, both of which the district court denied. The district court then dismissed the plaintiffs' claims based on their original complaint, holding that they had failed to state claims under RICO and Magnuson-Moss, and declining to exercise jurisdiction over the remaining state law claims. Plaintiffs appeal only from the dismissal of their RICO claims.

II.

The plaintiffs contend that the district court erred in denying their motions for leave to amend their complaint and in granting the defendants' motions to dismiss. The plaintiffs maintain that their proposed pleadings (including the two proposed amended complaints and a second "RICO statement") state a claim under RICO. We therefore first consider whether the proposed pleadings, taken as a whole, state a claim upon which relief can be granted, because, if they do not, an inquiry into the propriety of the district court's refusal to allow the plaintiffs to amend their complaint is moot.

To prevail on a RICO claim, the plaintiffs must be able to prove both the existence of an enterprise and a pattern of racketeering activity within the enterprise. Atlas Pile Driving Co. v. DiCon Financial Co., 886 F.2d 986, 993-96 (8th Cir. 1989). An enterprise, as contemplated by RICO, has three essential characteristics: A common or shared purpose, some continuity of structure and personnel, and an ascertainable structure distinct from that inherent in a pattern of racketeering. Stephens, Inc. v.

<u>Geldermann, Inc.</u>, 962 F.2d 808, 815 (8th Cir. 1992). The third characteristic, that of a distinct structure, requires that the common activities of the enterprise extend beyond the minimal association necessary to sustain the pattern of racketeering. <u>Id.</u> at 815-16. That each member of a group carries on activities distinct from the pattern of racketeering is insufficient; the group as a whole must have a common link other than the racketeering activity. <u>Id.</u> In the instant case, the plaintiffs' three complaints and two RICO statements fail to allege the existence of a structure distinct from the minimal association necessary to defraud the plaintiffs into buying the defective land and homes. In both RICO statements, in fact, the plaintiffs conceded that the only activities of the alleged enterprise were those of the racketeering scheme. The plaintiffs' later conclusory allegation in their brief that the alleged enterprise consisted of more than what was necessary to defraud them is insufficient to satisfy the <u>Stephens</u> requirements.

### III.

Because we hold that the proposed pleadings in their entirety do not state a claim under RICO, we need not address the question of whether the district court erred in not granting the plaintiffs leave to amend their original complaint. For the reasons stated, therefore, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.